**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**GEORGE MCKENNA**

**v.** **C.A. No. 07 - 169 ML**

**MAGISTRATE JUSTICE GORDEN SMITH**

**Report and Recommendation**

Jacob Hagopian, Senior United States Magistrate Judge

On May 15, 2007, *pro se* plaintiff George McKenna filed this instant action, naming as a defendant Magistrate Justice Gorden Smith of the Rhode Island Superior Court. In his Complaint, plaintiff alleges that, during proceedings in the state courts, Magistrate Justice Smith violated the U.S. Supreme Court decision in Virginia v. Hicks, 539 U.S. 113 (2003), and the First Amendment. Plaintiff seeks one million dollars in damages.

Section 1915A of Title 28 of the United States Code directs the Court to review prisoner complaints before docketing or soon thereafter to identify cognizable claims or dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A. Pursuant to this directive, I find that the instant Complaint fails to state a claim upon which relief can be granted.

Plaintiff's Complaint seeks relief for decisions made by Justice Smith in his official judicial capacity. It is well

established that the claim presented fails to state a cause of action. "A judge is absolutely immune from liability in civil actions arising out of the performance of his judicial functions unless the judge's actions are taken in the 'clear absence of all jurisdiction.'" DeWitt v. Ventetoulo, 803 F.Supp. 580, 582 n.2 ( D.R.I. 1992)(citation omitted); see also Estate of Sherman v. Almeida, 747 A.2d 470, 473-474 (R.I. 2000)('[c]ourts have consistently held that judicial immunity is an immunity from suit, not just an immunity from an ultimate assessment of damages").

In the present matter, assuming plaintiff's facts as true, Plaintiff seeks relief from Justice Smith based on actions Justice Smith took as a judicial officer. There is no indication that Justice Smith acted in the "clear absence of jurisdiction." Rather, plaintiff appears to assert his dissatisfaction with Justice Smith's decisions and/or rulings. Thus, this action against Justice Smith is barred by the doctrine of judicial immunity.

Moreover, to the extent that the plaintiff may be seeking to appeal a ruling from a state tribunal to this venue, such a claim is equally without merit. "The federal District Court does not have appellate jurisdiction over state Superior Court rulings," see Olivera v. Gibney, C.A. No. 06-381 T, 2006 WL 3692588 (D.R.I. Oct. 4, 2006) (Report and Recommendation, Almond M.J.) (adopted by District Court Oct. 9, 2006), and is barred by the Rooker/Feldman Doctrine. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462

(1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)(barring an action in the district court that seeks review of a state court judgement). Accordingly, the instant action should be dismissed. I so recommend.

Any objection to this report and recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. FED.R.CIV.P. 72 (b). Failure to file timely, specific objection to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
May 24, 2007